**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CORE WIRELESS** | § | |
| **LICENSING, S.A.R.L** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:14-CV-751** |
| | § | **JRG-JDL** |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLE, INC.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

| | | |
|---|---|---|
| **CORE WIRELESS** | § | |
| **LICENSING, S.A.R.L** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:14-CV-752** |
| | § | **JRG-JDL** |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLE, INC.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## SEALED MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Apple Inc.'s ("Apple") Motions to Transfer Venue
Pursuant to 28 U.S.C. §1404(a). (6:14-cv-751, Doc. No. 69; 6:14-cv-752, Doc. No. 65.) Plaintiff
Core Wireless Licensing S.a.r.l ("Core Wireless") filed responses (6:14-cv-751, Doc. No. 79;
6:14-cv-752, Doc. No. 78) to which Apple filed replies (6:14-cv-751, Doc. No. 85; 6:14-cv-752,
Doc. No. 86), and Core Wireless filed sur-replies (6:14-cv-751, Doc. No. 92; 6:14-cv-752, Doc.

1

No. 93).[1]   After considering the parties' arguments, the Court **GRANTS** Apple's Motions to Transfer Venue (6:14-cv-751, Doc. No. 69; 6:14-cv-752, Doc. No. 65).

Apple further requested an oral hearing on its transfer motions (6:14-cv-751, Doc. No. 69; 6:14-cv-752, Doc. No. 65). Because the Court has made a determination on the submissions, the request for oral hearing is **DENIED**.

## BACKGROUND

### A. The Present *Core Wireless v. Apple* Cases

On September 10, 2014, Core Wireless filed two actions in this Court against Apple, alleging infringement of several U.S. Patents. (6:14-cv-751 ("the -751 case"); 6:14-cv-752 ("the -752 case").)   Specifically, in the -751 case, Core Wireless alleges infringement of 6 U.S. Patents, U.S Patent Nos. 5,907,823 ("the '823 Patent"); 7,072,667 ("the '667 Patent"); 7,693,552 ("the '552 Patent"); 8,434,020 ("the '020 Patent"); 8,498,671 ("the '671 Patent"); and 8,713,476 ("the '476 Patent").   In the -752 case, Core Wireless alleges infringement of 5 additional patents, U.S. Patent Nos. 5,946,634 ("the '634 Patent"); 6,477,151 ("the '151 Patent"); 6,633,536 ("the '536 Patent"); 7,782,818 ("the '818 Patent"), and RE44,828 ("the '828 Patent").   Nine months later, on June 25, 2015, Apple filed the instant motions requesting the cases be transferred to the Northern District of California ("NDCA"). (6:14-cv-751, Doc. No. 69; 6:14-cv-752, Doc. No. 65.)

### B. The Prior *Core Wireless v. Apple* Case

Previously, Core Wireless brought suit against Apple in this District alleging infringement of several U.S. Patents, none of which overlap with the patents being asserted in the

---

[1] Apple filed identical motions to dismiss in both cases the 6:14-cv-751 and 6:14-cv-752 cases. Accordingly, all references and citations herein will be to the documents briefed in the 6:14-cv-751 case, unless otherwise expressly noted.

current actions. (6:12-cv-100.) In addition, in the prior case, Core Wireless asserted a breach of contract claim related to Apple's membership in ETSI and use of those standards.  Presently, Core Wireless asserts this claim against Apple in the -752 case.  This Court tried the prior case in March of 2015 and has since resolved several post-trial motions.

In the prior case, Apple also moved to transfer the case to the Northern District of California. (6:12-cv-100, Doc. No. 33.) The Court denied Apple's motion because Apple failed to meet its burden in showing the Northern District of California was a clearly more convenient forum. (6:12-cv-100, Doc. No. 73.) Specifically, Apple failed to identify any willing witnesses or individuals who would not be subject to the Court's subpoena power and only stated generalities about the location of sources of proof, which resulted in the Court being unable to weigh several factors in its transfer analysis. (6:12-cv-100, Doc. No. 73.)  Apple subsequently filed a petition for a writ of mandamus on the Court's decision and the Federal Circuit denied that petition, agreeing that "the evidence before the court was so general in nature that the court was unable to evaluate its relevance in the transfer analysis." *In Re Apple*, 743 F.3d 1377, 1379 (Fed. Cir. 2014.)

### C.  The Parties

Core Wireless is a corporation duly organized and existing under the laws of the Grand Duchy of Luxembourg, with a principal place of business at 16, Avenue Pasteur L-2310 Luxembourg.  (Doc. No. 1, at ¶ 1.) Core Wireless is a wholly-owned subsidiary of Conversant Intellectual Property Management Inc. ("Conversant IP"), which is a corporation based in Ottawa, Ontario, Canada. (Doc. No. 78-2, Declaration of Scott W. Burt, at ¶ 2) ("Burt Decl.").) Conversant IP also maintains a separate wholly owned subsidiary called Conversant Intellectual

3

Property Management Corp. ("Conversant Texas"), which is a Texas corporation, with a principal place of business at 5601 Granite Parkway, Suite 1300, in Plano, Texas.  *Id.* at ¶¶ 4,5. Core Wireless maintains a wholly-owned subsidiary, Core Wireless Licensing Ltd. ("Core Wireless Texas"), a Texas corporation with a principal place of business in Plano, Texas. *Id.* at ¶ 3.  Core Wireless Texas and Conversant Texas share offices. *Id.* at ¶ 6.  Core Wireless has invested close to $1 million dollars in developing this office space, which spans over 25,000 useable square feet. *Id.* at ¶ 10. Core Wireless has one employee who works out of Luxembourg. *Id.* at ¶ 7. Since 2009, Conversant has employed Doo Seon Shin who works in Plano, Texas and lives in Allen, Texas. *Id.* at ¶ 8. Conversant Texas has "10 employees who all work in Plano and live in the surrounding area," all of whom work on "patent prosecution, portfolio maintenance, engineering analysis, due diligence activities, patent acquisition support, licensing support, and litigation support." *Id.* at ¶ 9. According to Core Wireless, "at the time these actions were filed, Core Wireless Texas had eight full-time employees who were part of the patent prosecution team." *Id.* at ¶ 13. Core Wireless Texas maintains records totaling 171.6 GB related to the patents-in-suit in Plano, Texas. *Id.* at ¶ 14.

Apple is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, CA 95014. (Doc. No. 98, at ¶ 2.) Apple maintains source code, and other relevant documents, for the accused technology "in or near its Cupertino offices." (Doc. No. 69-4, Declaration of Michael Jaynes, at ¶ 6) ("Jaynes Decl.").) Apple conducts its primary research and development activities for the accused products in or near Cupertino, California, and similarly employs its knowledgeable engineers there. *Id.* at ¶ 7.  Apple maintains business documents and records relating to research, design, development, marketing and product revenue

4

in the Cupertino California area. *Id.* Apple's employees involved in the design and manufacture of the accused products reside in and around Cupertino, CA. *Id.* Apple specifically identifies 15 employees, including Mr. Jaynes, who will be likely witnesses and have relevant knowledge. *Id.* at ¶ 8. The accused products contain "baseband processors" that are supplied by Intel Corp. and Qualcomm Inc. *Id.* at ¶ 5. Apple operates two retails stores in this District and maintains non-retail offices in Austin, Texas, Grapevine, Texas, and Houston, Texas. *Id.* at ¶¶ 9, 11.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law.  *Id.*

## DISCUSSION

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I,* 371 F.3d at 203.  In a patent infringement action, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  In this case, Core Wireless does not contest that Apple conducts business within the Northern District of California and transfer is permissible under § 1404.

I. **The Private Interest Factors**

*(a) The Relative Ease of Access to Sources of Proof*

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof.  The Federal Circuit requires the Court to assume that the bulk of all relevant evidence will come from the accused infringer. *Genentech*, 566 F.3d at 1345.  As a result, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *Id.* (quoting *Neil Bros. Ltd. v.  World Wide Lines,*

6

*Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). To meet its burden, Apple must identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties. *In Re Apple*, 743 F.3d at 1379; *see also Invitrogen v. Gen. Elec. Co.,* No. 6:08–CV–113, 2009 WL 331889 at *3 (E.D. Tex. Feb. 9, 2009) (finding that general statements that relevant documents were located in either England or New Jersey "fail to show that transfer would make access to sources of proof either more or less convenient for the parties").

Through its declarations, Apple states that the alleged infringing products were designed and developed in or near Cupertino, California, and the employees responsible for that development are based in the Cupertino area. (Jaynes Decl. at ¶ 4.) Apple specifically identifies 12 employees who are knowledgeable of certain aspects of the design and development of the accused products relevant to this litigation. *Id.* at ¶ 8. Apple also specifically identifies 2 employees with knowledge about the marketing of the accused devices, and 1 employee with financial information. *Id.* All of these employees are located in the Northern District of California. *Id.* As to its documents, Apple contends that the electronic records of this work are maintained in Cupertino, California, along with business records related to product revenue, financial documents, relevant patent licenses, and the source code for the accused technology. *Id.* at ¶¶ 6-7. Apple also maintains there are several third parties who will have relevant documents in the Northern District of California. (Doc. No. 69, at 10.)

Core Wireless states that its subsidiary, Core Wireless Texas, maintains records totaling 171.6 GB related to the patents-in-suit in Plano, Texas. (Burt Decl. at ¶ 14.) Core Wireless also maintains that a separate subsidiary of its parent company has "10 employees who all work in

Plano and live in the surrounding area," all of whom work on "patent prosecution, portfolio maintenance, engineering analysis, due diligence activities, patent acquisition support, licensing support, and litigation support" and that its wholly-owned subsidiary has "eight full-time employees who were part of the patent prosecution team." *Id.* at ¶¶ 9, 13.  Core Wireless specifically identifies Mr. Johnson, a prosecuting attorney at Core Wireless, and Mr. Shin, a patent engineer at Conversant Texas, both of whom have knowledge of the asserted patents. (Doc. No. 79, at 10.)

Weighing Apple's specific identification of the location of its sources of proof in the Northern District of California, including specific employees with relevant knowledge and specific documents, against Core Wireless's general statements about its sources of proof, including only two specifically identified employees with relevant knowledge located in this District, the Court finds this factor weighs in favor of transfer.

(b)*The Availability of the Compulsory Process to Secure the Attendance of Witnesses*

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *See In re Volkswagen II*, 545 F.3d at 316.  The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum.  *See Novelpoint Learning v. Leapfrog Enter.*, No 6:10-cv-229, 2010 WL 5068146, at *6 (E.D.Tex Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses); *See also West Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-cv-688, 2011 WL 5117850, at *3 (E.D. Tex. Oct. 27, 2011).

Apple identifies 9 potentially relevant third parties located in California: Audience, Facebook, Google, Intel, Qualcomm, Twitter, Uber, Yahoo!, and Yelp. (Doc. No. 69, at 12.) Apple further identifies one Qualcomm engineer, Arunava Choudhuri, who is located in San Diego. *Id.* at 6.[2]  Core Wireless identifies a prosecuting attorney, Shoaib A. Mithani, who is located in Dallas, Texas, and identifies generally any current or former employee of Cirrus Logic, a Texas-based third-party supplier of a component of the accused technology, as being subject to this Court's subpoena power. (Doc. No. 79, at 12.) Apple has submitted an affidavit from Cirrus Logic's Associate General Counsel attesting that "Cirrus will make available for trial in [the Northern District of California] any Cirrus-employed witness that Core Wireless can compel to attend trial in the Eastern District of Texas." (Doc. No. 69-3, Declaration of Michael Barrett, at ¶ 7) ("Barrett Decl.").)  Because Core Wireless has not specifically named any current or former employees of Cirrus Logic, and Cirrus Logic has not submitted any guarantees from any specific employees with relevant knowledge, the Court finds any consideration of these statements would be merely speculative.

Apple has specifically named one potential unwilling witness from Qualcomm who would be subject to the Northern District of California's trial subpoena power should Apple show that Mr. Choudhuri would not incur substantial expense in attending trial. Fed. R. Civ. P.

---

[2] Apple also notes that four third-party witnesses from Qualcomm and CETECOM testified via deposition at trial in the prior case. (Doc. No. 69, at 7.) As a preliminary matter, Apple does not state whether these witnesses would also likely be called to testify during deposition or at trial for these actions.  Moreover, because the witnesses testified via deposition, none had to be compelled to trial in this District. Apple further does not contend these witnesses would have been called live had that case been tried in the Northern District of California. Ultimately, the course of the prior trial shows that there were no witnesses who needed to be compelled to that trial over whom this Court lacked subpoena power. That is, neither Core Wireless nor Apple called any unwilling witnesses to testify at trial. The Court understands the inherent difficultly in naming witnesses who will need to be called to trial at the time the complaint is filed.  For that reason, the Court gives weight to parties' good faith identification of witnesses who are specifically identified by name and location, and for whom parties provide a general statement of the nature of their testimony. However, in the prior case, Apple failed to specifically identify any third party witness who may need to be called. Accordingly, the Court could not weigh that factor, and ultimately, none needed to be compelled to trial.

45(c)(1)(B)(ii).[3] Core Wireless has named one potential unwilling witness, a former prosecuting attorney located in Dallas, Texas, who would be subject to this Court's absolute subpoena power. Fed. R. Civ. P. 45(c)(1)(A).[4] Weighing the one third-party witness specifically identified in California, along with the 9 third parties identified by Apple who may have relevant information in California, against the one third-party witness in Texas and the speculative statements regarding the availability of Cirrus Logic's witnesses, the Court finds this factor weighs slightly in favor of transfer.

### (c) The Cost of Attendance for Willing Witnesses

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted).

As discussed, Apple has specifically named 15 employees as willing witnesses with relevant knowledge of the accused technology/devices who are located in the Northern District of California. (Jaynes Decl. at ¶ 8.) Core Wireless has specifically identified two employees of its subsidiary, Mr. Johnson and Mr. Kim, who are located in Plano, Texas, and one employee of

---

[3] As Apple concedes, Mr. Choudhuri is located in San Diego, California (Doc. No. 69, at 6), more than 100 miles outside of the Northern District of California. Accordingly, he could only be compelled to trial under Fed. R. Civ. P. 45(c)(1)(B)(ii), which would require a showing that he "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii). In its motion, Apple does contend Mr. Choudhuri would not incur substantial expense traveling from San Diego to the Northern District of California because it is "only a 90-minute direct flight away from Qualcomm's San Diego facilities." (Doc. No. 69, at 13.)
[4] Because Mr. Mithani is located in Dallas, Texas, and conducts regular business at his law firm, Winstead P.C. (Doc. No. 79-7, at 22), he is within 100 miles of this District, and this Court can compel him to trial if needed. Fed. R. Civ. P. 45(c)(1)(A).

its parent company, Mr. Shin, who is also located in Plano, Texas. (Doc. No. 79, at 13.) Core Wireless also maintains that to the extent the Cirrus Logic witnesses are willing as Cirrus Logic's Associate General Counsel has declared, the cost of attendance for those witnesses to attend trial in this District would be less than the cost to attend trial in the Northern District of California. *Id.* at 14.  Trial in this District would be more convenient for Mr. Mithani who is located in Dallas, Texas, and regularly conducts business within 100 miles of this Court.  On the other hand, trial in the Northern District of California would be more convenient for Mr. Choudhuri, although he is in San Diego and farther than 100 miles from the Northern District of California.

Again, the Court affords the most weight to those witnesses who are specifically named. Here, Apple has identified 15 willing witnesses in the Northern District of California, and Core Wireless has named three willing witnesses in this District, along with general statements that the cost of travel would be cheaper for any willing employees from Cirrus Logic.[5]  In addition, there is one third-party witness for whom this District would be more convenient, and one for whom the Northern District of California would be more convenient.  Thus, on balance, the Court finds this factor weighs in favor of transfer.

> *(d) Other Practical Problems*
>
> > *(i) Judicial Economy*

Although judicial economy is not among the list of the enumerated factors, it can be a consideration when determining whether a transfer is in the interest of justice.  *Volkswagen II*,

---

[5]  The Court notes that in the prior case, Apple had failed to specifically identify any willing witnesses, their interest in the litigation, or where they reside.  Ultimately, Apple only brought one corporate representative to trial, Frank Casanova. (Doc. No. 69, at 7.) Core Wireless argues that this did not inconvenience Apple. (Doc. No. 79, at 14.) While the Court agrees with Core Wireless that a single Apple witnesses traveling from the Northern District of California to this District for trial was not an inconvenience, the Court here has no reason to discount the individuals named by Apple and there is nothing in Federal Circuit jurisprudence that would instruct this Court to do so.

565 F.2d at 1351.   Core Wireless contends that judicial efficiency weighs against transfer because there are currently four related cases involving ten overlapping patents, which have been consolidated for claim construction purposes in this District.   (Doc. No. 79, at 8.)  This Court is aware that the instant actions and two additional actions in the Marshall Division (2:14-cv-911 and 2:14-cv-912) are set to go to claim construction in Marshall before Judge Payne on September 2 and 3, 2015.  Considering that claim construction briefing has completed and the claim construction proceedings will share a single technical advisor, the Court recognizes the inefficiency that will ultimately be had by transferring these cases. This inefficiency was certainly not helped by Apple waiting for over 9 months from the onset of these actions to file its transfer motions. Nonetheless, this Court must recognize that for purposes of judicial economy, the relevant inquiry is what benefits existed at the time these cases were filed. *See In re EMC Corp.*, 2013 WL 324154, at *2 ("a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed").  Indeed, the two related cases in Marshall were not filed until 16 days after the instant actions were filed.

Neither Core Wireless nor Apple maintains that any judicial economy benefit would be retained from this Court having previously tried a case between the parties, other than reference to a related breach of contract claim by Core Wireless.[6] (Doc. No. 79, at 8.) Apple maintains that this factor favors transfer to the Northern District of California, but gives absolutely no reason what judicial efficiency exists for this case being in California, and instead simply asserts that transfer would not be wasteful.  This Court sees no gain in judicial economy benefits that would

---

[6] While the Court is not considering circumstances that existed after the filing of the complaint, it is worthwhile to note that since the transfer briefing in these cases was submitted, Judge Gilstrap has dismissed Core Wireless's contract claims as to its patent portfolio thereby removing consideration of that claim in 6:14-cv-752. (6:12-cv-100, Doc. No. 466.)

come from transferring these cases to the Northern District of California.  Accordingly, the Court finds this factor is neutral.

## II.    The Public Interest Factors

The parties agree that the public interest factors are neutral, aside from the administrative difficulties flowing from court congestion and local interest considerations.

### (a) The Administrative Difficulties Flowing From Court Congestion

This factor is the most speculative, and cannot alone outweigh other factors.  *Genentech*, 566 F.3d at 1347.  However, the speed with which a case may get to trial is relevant under the § 1404(a) analysis.  *Id.*  Apple contends that this factor weighs in favor of transfer because the number of new patent cases filed in this District is nearly six times greater than the total number of patent cases filed in the Northern District of California. (Doc. No. 69, at 15.) Core Wireless contends that this factor weighs against transfer because these cases are already scheduled for trial in May 2016 and generally the average time to trial in this District is less than the Northern District of California. (Doc. No. 79, at 14-15.)   The Court declines to afford any weight to Apple's argument regarding this District having six times as many patent cases as the Northern District of California. Considering  only the number of patent cases in a particular district to determine how fast a particular case will move to trial would be highly speculative.  Similarly, as the Court has repeatedly found in the past, the Core Wireless's reliance on general civil statistics provides the Court with little guidance as to the speed with which *patent* cases reach trial. *See West Coast Trends, Inc.,* No. 6:10-cv-688, 2011 WL 5117850, at *4 (E.D. Tex., Oct. 27, 2011) ("[a]s is common with this factor, the parties cite to incongruous statistics which prevents the

Court from drawing a meaningful conclusion as to court congestion."). Accordingly, due to its speculative nature, the Court finds this factor neutral.

*(b) The Local Interest in Having Localized Interests Decided at Home*

Apple contends that the Northern District of California has a local interest in this case because the accused products were designed and developed there. (Doc. No. 69, at 14.) Core Wireless maintains that this District has a local interest in these actions because its parent company has maintained a subsidiary in this District for more than four years. (Doc. No. 79, at 15.) This District has at least some local interest as Core Wireless has been growing and developing its business over the past several years in this District, and employs several individuals in this District through its parent company and its affiliates. Ultimately, because Apple has identified several individuals who were involved in the development of the accused technology/devices who are located in the Northern District of California where that development occurred, the Court finds that the Northern District of California has a greater local interest in the outcome of the litigation. *See Hoffman-La Roche*, 587 F.3d at 1336 ("[L]ocal interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community."); *Eon Corp. IP Holdings, LLC v. Sensus, USA Inc.*, No. 2:10-cv-448, 2012 WL 122562, at *5 (E.D. Tex. Jan. 9, 2012). Accordingly, this factor weighs slightly in favor of transfer.

*(c) The Remaining Public Interest Factors*

The remaining public interest factors are neutral. Both courts are familiar with federal patent law and there are no conflicts to avoid.

14

**CONCLUSION**

For the aforementioned reasons, the Court finds that the Northern District of California is a clearly more convenient forum. Here, the location of sources of proof and the costs of willing witnesses weighed in favor of transfer, and the availability of the compulsory process and the local interests weighed slightly in favor of transfer.  The benefits of judicial economy, along with all other factors, were neutral. Accordingly, on balance, the Court finds transfer appropriate and therefore **GRANTS** Apple's motions to transfer (6:14-cv-751, Doc. No. 69; 6:14-cv-752, Doc. No. 65).  In addition, Apple's request for oral hearing is **DENIED**.

Finally, although the parties' underlying briefing on transfer has been filed under seal, the Court sees no basis for this Order to remain under seal. Within **7 days** the parties shall file any and all objections to this Order being unsealed. Absent any objections or further Order from the Court, the Clerk's office is directed to unseal this Order **7 days** from the issuance of this Order.

So ORDERED and SIGNED this 31st day of August, 2015.

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE