UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 15-cv-05007-RS <br><br> **ORDER STAYING ACTION** |

Plaintiff filed a motion to stay this proceeding with respect to four of the five patents in suit, in light of recently-instituted inter partes review ("IPR") proceedings before the U.S. Patent and Trademark Office. Courts in this District look to three factors when determining whether to stay a patent infringement case pending review or reexamination of the patents: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citing, among others, *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006). There is no real dispute that these factors weigh in favor of a stay with respect to the four patents subject to IPR.

The litigants part company, however, with respect to the fifth patent, U.S. Patent No. 5,907,823 (the '823 patent) as to which no IPR has been initiated. Defendant argues that unless the stay is extended to include it, there will be unnecessary duplication of efforts and expense, such that the advantages of a stay would be severely diminished, and prejudice would increase.

Plaintiff, in turn, argues that as to the '823 patent itself, proceedings in the PTO cannot and will not simplify or inform the issues to be litigated, and that not going forward on what it contends are largely segregable matters will lead to unwarranted and potentially prejudicial delay.

Both sides have presented their arguments in generalized terms, without many specific examples of the efficiencies or inefficiencies they respectively contend would flow from either a complete or partial stay.  Plaintiff has pointed to the fact that the nature of the technology in the '823 patent is arguably quite different from that in the other patents, and that there is no overlap in inventors.  Such distinctions may mean that certain aspects of litigating the '823 patent might not be intertwined with issues related to the other patents.  Nevertheless, because there is substantial or complete overlap in the products accused of infringing all of the patents, it seems inevitable there would be other aspects of discovery—and ultimately trial—that would be duplicated if the patents were litigated separately.

While by no means conceding that a complete stay is appropriate, plaintiff requests that such a stay be ordered in lieu of its motion being denied outright.  Although the question is close, under all the circumstances the disadvantages and potential burdens of a partial stay outweigh the balance that otherwise would easily warrant granting a stay with respect to the four patents subject to IPR.  Additionally, the burden to plaintiff of the stay being extended to the '823 patent—even though a stay would not be warranted as to it independently—is minimal.  In light of these conclusions and of plaintiff's request that its motion not simply be denied, this action will be stayed in its entirety pending the IPR proceedings.  The parties shall file a joint status report every 120 days.

**IT IS SO ORDERED**.

Dated: June 15, 2016

_____
RICHARD SEEBORG
United States District Judge